IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL WILSON, | : | CIVIL ACTION NO. **3:CV-14-2312** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| JOHN KERESTES, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On December 5, 2014, Plaintiff Darrell Wilson, an inmate at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania ("SCI-Mahanoy"), filed the instant civil rights action, pursuant to 42 U.S.C. § 1983. (**Doc. 1**). Plaintiff states that he is raising a constitutional claim for retaliation and deliberate indifference in violation of the First, Eighth and Fourteenth Amendments. Plaintiff also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2).

Plaintiff submitted an 11-page typed Complaint[1]. In his pleadings, Plaintiff names the following three (3) Defendants: John Kerestes, Superintendent; Hugh Beggs, Deputy Superintendent for Facilities Management; and Richard Spaide, Unit Manager. (Doc. 1, pp. 1-2). Plaintiff indicates that they are being sued individually. (*Id.*, p. 2). Plaintiff states that all Defendants were employees of the Department of Corrections ("DOC") at SCI-Mahanoy. (*Id.*, pp. 1-2).

---

[1] Plaintiff filed three prior civil rights actions in this Court, pursuant to 42 U.S.C. § 1983 in *Wilson v. Kerestes, et al.*, 3:10-cv-1174; *Wilson v. Kerestes, et al.*, 3:12-cv-884; and *Wilson v. Kerestes, et al.*, 3:13-cv-3076. Plaintiff also filed a Habeas Petition, *Wilson v. Wynder*, 4:05-cv-1782.

Plaintiff provides a series of paragraphs alleging that he has chronic asthma and anxiety attacks which are known to the correctional officers because his asthma inhaler is a visible sign of asthma. (Doc. 1, ¶¶ 9-12). Plaintiff further states that in September 2013, Plaintiff was housed in 1028 cell in Housing Unit Bravo-Alpha with inmate Dominique Haynes who smoked tobacco products. (*Id.*, ¶¶ 13-17). Plaintiff states that the correctional officers are lax in their enforcement of not allowing smoking in the cells while they are doing their rounds. (*Id.*, ¶ 18). Plaintiff submitted an Inmate Request to Staff Member form addressed to Correctional Officer Avellino requesting to be housed with another inmate who didn't smoke. (*Id.*, ¶ 22). Plaintiff was not moved within the next few days and was told that Defendant Spaide had not authorized the move to date. (*Id.*, ¶ 23). On October 6, 2013, Plaintiff wrote a letter to Defendant Spaide requesting to be moved. (*Id.*, ¶ 24). Defendant Spaide denied the request and advised Plaintiff to "find someone to move in with. Both of you sign the request slip agreeing to cell together & give it to your pod officer." (*Id.*, ¶ 25). Plaintiff states that his refusal to respond to a potential risk of serious damage to Plaintiff's health was an act of retaliation for Plaintiff's filing of a grievance against Defendant Spaide on April 26, 2013. (*Id.*, ¶ 27). Plaintiff asserts that he was exposed to second hand smoke as a result of being housed with a smoker. (*Id.*, ¶ 33). After Plaintiff informed his cell mate about the problems he was experiencing from inhaling second-hand smoke, his cell mate agreed to stop smoking in the cell. (*Id.*, ¶ 41). Plaintiff states that he exhausted his administrative remedies. (*Id.*, ¶¶ 42-43).

Plaintiff includes two (2) counts titled:" First Amendment violation: Retaliation and Failure to Reasonably Respond" against Defendant Spaide and "Eighth Amendment violation: Failure to

Supervise" against Defendants Spaide, Beggs and Kerestes. (*Id.*, ¶¶ 60-65). As relief, Plaintiff is requesting compensatory and punitive damages. (*Id.*, p. 8). Plaintiff also requests declaratory relief that the alleged actions of Defendants violated his constitutional rights. (*Id.*). Plaintiff further seeks costs and any other relief to which he is entitled. (*Id.*, ¶ D). We now screen Plaintiff's Complaint as we are obliged to do under the PLRA. *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).[2]

## II. PLRA.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[4] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2]This case has been assigned to the undersigned Magistrate Judge for pre-trial matters. *See* 28 U.S.C. § 636(b).

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[4]The Plaintiff filed an application to proceed *in forma pauperis* and an authorization to have funds deducted from his prison accounts. (Docs. 2-3).

**III. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[5] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

---

[5]Plaintiff alleges in his pleading that all of the individual Defendants are employees of the DOC. This is sufficient to show that Defendants are state actors.

4

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

See also *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") (citing *Rode, supra*.).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

## IV. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> 
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

**V. Discussion.**

As Plaintiff correctly indicates the Court has jurisdiction over his §1983 civil rights action pursuant to 28 U.S.C. §1331 and §1343(a).

    **1**.    ***First Amendment Retaliation Claims against Defendant Spaide.***

Plaintiff raises a First Amendment retaliation claim against Defendant Spaide for his failure to respond to Plaintiff by not moving him to another cell. We find that Plaintiff has not sufficiently stated the personal involvement of Defendant Spaide with respect to his First Amendment retaliation claim. We find that Plaintiff only alleges that Defendant Spaide denied his inmate request and advised Plaintiff to "find someone to move in with. Both of you sign the request slip agreeing to cell together & give it to your pod officer." (Doc. 1, ¶ 25). Plaintiff states that this was an act of retaliation for filing a "grievance against Spaide and others on April 26, 2013." (Doc. 1, ¶ 27). The Complaint's allegation that Plaintiff filed a grievance against Defendant Spaide six months prior to his inmate request lacks the necessary causal connection for a retaliation claim against Defendant Spaide.

> In *Mincy v. Chmielewski*, 2007 WL 707344, *5-*6 (M.D. Pa.), the Court stated:
>
> Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. *See Allah v. Seiverling,* 229 F.3d 220, 224-25 (3d Cir.2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Rauser v. Horn,* 241 F.3d 330 (3d Cir.2001) (quoting *Allah,* 229 F.3d at 225).
>
> "As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Rauser,* 241 F.3d at 333; *see also, Jerry v. Williamson,* 2006 WL 3741840, 1 (3d Cir.2006). While inmates "do not forfeit all constitutional protections by reason of their conviction and confinement including those under the First Amendment ..., lawful incarceration brings about withdrawal or limitation of privileges and rights for various reasons,

including institutional security." *Cooper v. Tard,* 855 F.2d 125, 128 (3d Cir.1988); *see also, Pell v. Procunier,* 417 U.S. 817, 822 (1974) (stating that "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system").

Plaintiff had a First Amendment right to file grievances. *See Mincy v. Chmielewski*, 2007 WL 707344,*6("The filing of a grievance clearly falls within the ambit of the First Amendment.")(citation omitted). However, we find that Plaintiff has not met the second element of a retaliation claim as against Defendant Spaide, *i.e.* he took adverse action against him by not moving him to a new cell as a result of the grievance. *See Wheeler v. Beard*, 2005 WL 1840159, *3 (E.D. Pa. 8-3-05)(citation omitted). Furthermore, we find that Plaintiff has not sufficiently stated that there was a causal link between his past grievance and the alleged adverse action taken against him by Defendant Spaide. As mentioned, we do not find that Plaintiff has stated the personal involvement of Defendant Spaide with respect to his First Amendment retaliation claim. As discussed, we will recommend that Plaintiff's First Amendment retaliation claim against Defendant Spaide be dismissed without prejudice.

**2.** ***Eighth Amendment Failure to Supervise Claim against Defendants Spaide, Beggs and Kerestes.***

Initially, we find that Plaintiff's Eighth Amendment claims against Defendants Spaide, Beggs and Kerestes, should be dismissed because these Defendants are not alleged to have sufficient personal involvement in the alleged wrongdoing. As stated above, liability cannot be predicated in a §1983 action solely on the operation of *respondeat superior*. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d. Cir. 2005). For the Plaintiff's claim to proceed successfully in the instant case, Plaintiff would have to establish each Defendant acted with a culpable state of mind to subject Plaintiff to cruel and

unusual punishment, not merely that they knew he was being exposed to smoke, *i.e.*, negligence. *Caldwell, 732 F. Supp. 2d 458* at 472.  Also, each named defendant must be shown, through the Complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  We find that but there is no indication that Defendants John Kerestes, Superintendent; Hugh Beggs, Deputy Superintendent for Facilities Management; and Richard Spaide, Unit Manager, all supervisors, outside of Defendant Spaide's individual response to Plaintiff's written Inmate Requests, ever had this required level of sufficient personal interaction with the Plaintiff.  *Id.*; *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).      Plaintiff attached an Exhibit to his Complaint showing the Inmate Request Form addressed only to Defendant Spaide and indicated Defendant Spaide's response.  The Complaint is void of any allegations regarding the personal involvement and awareness of Defendant Beggs and Kerestes to Plaintiff's complaints.  Furthermore, Plaintiff has not sufficiently alleged in his Complaint as to include the requisite personal involvement as to any of these three Defendants and, we do not find that these Defendants had the requisite culpable state of mind with respect to Plaintiff's constitutional claim.

Finally, the courts have ruled that some exposure of inmates to Environmental Tobacco Smoke ("ETS") in prison does not substantiate a viable Eighth Amendment claim.  The Court uses the standard stated in *Helling* and *Atkinson* to determine if an Eighth Amendment violation occurred regarding excessive exposure to tobacco smoke by an inmate. The Plaintiff inmate must prove: "(1) exposure to unreasonably high levels of ETS contrary to contemporary standards of decency; and (2)

deliberate indifference by the authorities to the exposure to ETS." *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475 (1993).

In regard to the first prong of the test, Plaintiff alleges in his Complaint that there was smoking by inmates and his cell mate which was not policed by the guards in his assigned cell block, and that second-hand smoke was harmful to him and worsened his medical conditions. Plaintiff also alleges that the effects of second-hand smoke exposure caused him to suffer and placed him at risk due to the excessive amount of ETS he endured.  Plaintiff does not allege in his Complaint that Defendants were fully aware of his condition and the amount of smoking he was exposed to in his cell block and from his cell mate.

The Third Circuit has opined that exposure of an inmate to ETS in poorly ventilated restrooms for a period of twenty (20) months was not in violation of the inmates rights as it did not meet the excessive exposure test. *Griffin v. DeRosa*, 153 Fed.Appx. 851 (3d Cir. 2005).  Plaintiff  alleges that after a doctor visit in November of 2013, approximately one month after his Inmate Request, Plaintiff's cell mate agreed to stop smoking in the cell.  Examples provided by the Third Circuit to show what would constitute excessive exposure were bunking with a cell mate who smoked five packs a day or sharing a cell with multiple, habitual smokers. *See Helling,* 509 U.S. at 35; *Atkinson v. Taylor,* 316 F.3d 257, 259 (3d Cir. 2003).  As stated, we find that Plaintiff has not sufficiently stated an Eighth Amendment claim against Defendants.  Plaintiff has averred that he was exposed to smoke while celled at SCI-Mahanoy with a smoking cell mate.  Plaintiff has also alleged that his health may be detrimentally affected by the excessive exposure to second-hand smoke as required by  the *Helling* test.  We do not find that Plaintiff also stated the required personal involvement of the

Defendants with respect to his Eighth Amendment claim. As stated above, a § 1983 action requires that the Plaintiff show he was denied rights, privileges or immunities secured by the law or the Constitution of the United States by the Defendants. Plaintiff must sufficiently show that each Defendant was personally involved with his constitutional claims. *See Sutton*, 323 F. 3d at 249-50. Therefore, we will recommend that Plaintiff's Eighth Amendment claims against Defendants Spaide, Beggs and Kerestes be dismissed without prejudice from this action. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

**VI. Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff's First Amendment retaliation claim against Defendant against Defendant Spaide be dismissed **WITHOUT PREJUDICE**. It is further recommended that Plaintiff's Eighth Amendment claims against Defendants Spaide, Beggs and Kerestes be dismissed **WITHOUT PREJUDICE**. Further, it is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* **(Doc. 2)** be granted solely for the purpose of filing this action.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 23, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL WILSON, | : | CIVIL ACTION NO. **3:CV-14-2312** |
| | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOHN KERESTES, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **December 23, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing

requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                           **s/ Thomas M. Blewitt**
                                           **THOMAS M. BLEWITT**
                                           **United States Magistrate Judge**


**Dated: December 23, 2014**