UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL WILSON,
    Plaintiff,

v.

JOHN KERESTES, et al.,
    Defendants.

CIVIL NO. 3:14-CV-2312

(Judge Kosik)

FILED
SCRANTON
JUN 2 - 2015
PER _____
DEPUTY CLERK

## MEMORANDUM

Before the court are Plaintiff's Objections (Doc. 8) to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt[1] filed on December 23, 2014 (Doc. 7). For the reasons which follow, we will adopt in part, and decline to adopt in part, the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff, Darrell Wilson, an inmate confined at the State Correctional Institution- Mahanoy, Frackville, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983, on December 5, 2014. Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 2). Named as Defendants in the action are: John Kerestes, Superintendent; Hugh Beggs, Deputy Superintendent for Facilities Management; and, Richard Spaide, Unit Manager. The basis of Plaintiff's action arises out of Plaintiff, who suffers from chronic asthma, being housed with a cellmate who smoked. Count I of the Complaint against Defendant Spaide alleges a First Amendment violation, retaliation and failure to reasonably respond. Count II is against all three defendants and alleges an Eighth Amendment violation, failure to supervise.

---

[1] We note that following the filing of the Report and Recommendation, Magistrate Judge Blewitt retired.

On December 23, 2014, the Magistrate Judge filed a Report and Recommendation (Doc. 7), wherein he recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) be granted solely for the purpose of filing the action. He further recommended that Counts I and II be dismissed without prejudice. Specifically, after screening Plaintiff's Complaint, pursuant to 28 U.S.C. §1915(e)(2), and setting forth the legal standards to be applied, the Magistrate Judge found that the allegations in the Complaint regarding the First Amendment retaliation claim against Defendant Spaide, that is, that Plaintiff filed a grievance against Defendant Spaide six months prior to his inmate request, lacks the necessary causal connection for a retaliation claim. The Magistrate Judge also found that Plaintiff's Eighth Amendment claims against Defendants Spaide, Beggs and Kerestes should be dismissed because the Defendants are not alleged to have sufficient personal involvement in the alleged wrong doing. On January 12, 2015, Plaintiff filed Objections (Doc. 8) to the Magistrate Judge's Report and Recommendation.

## DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a <u>de novo</u> determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is <u>de novo</u>, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980); <u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).

In his Objections to the Report and Recommendation, regarding his First

Amendment retaliation claim against Defendant Spaide, Plaintiff argues that he has alleged sufficient personal involvement of Defendant Spaide, an adverse action, and a causal link. We agree with Plaintiff that Count I of the Complaint is sufficiently plead so that Count I should not be dismissed on screening. Accordingly, we will decline to adopt the Magistrate Judge's recommendation as to Count I of the Complaint.

As to the Magistrate Judge's recommendation as to Count II of the Complaint, an Eighth Amendment failure to supervise claim, we agree with the Magistrate Judge that Count II should be dismissed as to Defendants Beggs and Kerestes. However, we disagree that Count II should be dismissed on screening as to Defendant Spaide.

As the Magistrate Judge points out, two elements must be present in order to state a §1983 claim: (1) the conduct complained of must have deprived the plaintiff of rights, privileges and immunities secured by the Constitution or laws of the United States; and (2) the conduct must have been committed by a person acting under color of state law. See, Lugar v. Edmondson Oil Co., 457 U.S. 922, 923 (1982); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Plaintiff must demonstrate that each Defendant was personally involved in the alleged wrongful actions either by actual conduct, or knowledge of and acquiescence in the wrongful actions. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Defendants in "a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode, 845 F.2d at 1207. Thus, a mere linkage in the prison chain of command is not sufficient to demonstrate personal involvement.

We agree with the Magistrate Judge that Defendants Beggs and Kerestes cannot be held liable on the basis of respondeat superior and that the Complaint contains no allegations of personal involvement as to Beggs and Kerestes.

However, we do not agree that Defendant Spaide should be dismissed on screening. We find that the allegations against Defendant Spaide, when accepted as true, set forth a plausible claim for relief. Accordingly, we will adopt in part and decline to adopt in part the Report and Recommendation of the Magistrate Judge. We will grant Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2). We will dismiss Defendants Beggs and Kerestes from this action. However, we will allow the action to proceed against Defendant Spaide. Finally, we will remand the action to a Magistrate Judge for further proceedings.